

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-24-2006

# Meyers v. Majkic

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3883

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Meyers v. Majkic" (2006). *2006 Decisions*. Paper 716.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/716

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 04-3883

DARLENA MEYERS, Administratrix of the Estate of Timothy Meyers, Deceased

v.

DUSHAN MAJKIC, M.D.; ALLEGHENY CORRECTIONAL HEALTH SERVICES,
INC.; THOMAS FLAUGHERTY; ALLEGHENY COUNTY; AND CALVIN
LIGHTFOOT

Thomas Flaherty,
Appellant.

Appeal from that Portion of the Memorandum Order dated September 27, 2004 of the
United States District Court for the Western District of Pennsylvania which denied
Thomas Flaherty's Claim of Qualified Immunity
(Civ. No. 02-1543)
District Court: Hon. Joy Flowers Conti

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 27, 2006

Before: McKEE and VAN ANTWERPEN, Circuit Judges,
and POLLAK[*], District Judge.

(Filed: July 24, 2006)

OPINION

McKEE, Circuit Judge.

      Thomas Flaherty, a Corrections Officer at Allegheny County Jail, appeals the

---

   [*] The Honorable Louis H. Pollak, Senior Judge of the United States District Court for
the Eastern District of Pennsylvania, sitting by designation.

District Court's denial of his motion for summary judgment based upon a claim of qualified immunity. For the reasons that follow, we will affirm.[1]

## I.

Inasmuch as we are writing primarily for the parties who are familiar with this case, we need not recite the factual or procedural background of this dispute.

In considering a claim of qualified immunity, we must first consider whether the facts alleged, taken in the light most favorable to the party claiming the injury, demonstrate that the officer's conduct violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *see also United Artists Theater Circuit, Inc. v. Twp. of Warrington, PA*, 316 F.3d 392, 398 (3d Cir. 2003). If no constitutional right would have been violated under the facts alleged by the plaintiff, our inquiry is at an end and the defendant is entitled to qualified immunity. *Saucier*, 533 U.S. at 201. If a constitutional right may have been violated by the actions alleged, the defendant is only entitled to qualified immunity if the right was not clearly established. *Id.*; *see also United Artists Theater Circuit, Inc.*, 316 F.3d at 398. A right is clearly established if it would be clear to a reasonable officer that his/her conduct was unlawful in the specific context of the case. *Saucier*, 533 U.S. at 204.

---

[1] Although not a "final order," we have jurisdiction to review a denial of a claim for qualified immunity under the collateral order doctrine. *Mitchell v. Forsyth*, 472 U.S. 511, 524-25 (1985)(quoting *Cohen v. Beneficial Indus. Loan, Corp.*, 337 U.S. 541, 546 (1949))(internal quotation marks omitted). Our review is plenary. *Wright v. City of Philadelphia*, 409 F.3d 595, 599 (3d Cir. 2005).

**II.**

It is now well established that deliberate indifference to the serious medical needs of a prisoner can rise to the level of a constitutional violation. *See Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976).[2] A prisoner's medical need is serious when it "has been diagnosed by a physician as requiring treatment" or is so obvious that a layperson would recognize the need for professional medical care. *Monmouth County Correctional Institution Inmates v. Lanzaro*, 834 F.2d 826, 846 (3d Cir. 1987). A plaintiff can establish deliberate indifference when the record would allow the fact finder to conclude that a prison official is subjectively aware of the risk of substantial harm to an inmate, but failed to respond. *Farmer v. Brennan*, 511 U.S. 825, 828 (1970).

Officer Flaherty testified at the inquest that he knew that Meyers had fallen and that he (Flaherty) assumed that the cleaning materials Meyers requested were to clean the blood from Meyers' cell. A.4. Two years later, at his deposition, Flaherty claimed that he assumed Meyers wanted the materials to mop water from his cell. Nevertheless, he also testified during that deposition that he would have called medical personnel if he had

---

[2] It appears from this record that Meyers was being held as a pretrial detainee, rather than a convicted prisoner. Accordingly, his claim arises under the Fourteenth Amendment's Due Process Clause, not the Eighth Amendment's prohibition of cruel and unusual punishment. *See Hubbard v. Taylor*, 399 F.3d 150 (3d Cir. 2005). The cases relied upon by the Magistrate Judge and District Court were decided under the Eighth Amendment's prohibition of cruel and unusual punishment, not the Fourteenth Amendment's guarantee of due process. However, the distinction does not alter our analysis. The standard for violations of the Eighth Amendment applies to pretrial detainees through the Due Process Clause. *Kost v. Kozakiewicz*, 1 F.3d 176, 188 (3d. Cir. 1993).

3

known that Meyers wanted to mop up blood. *Id.* As the Magistrate Judge notes in her

Report and Recommendation, a fact finder could therefore readily conclude that "there

was a lot of whatever substance Meyers was going to clean up to require the supplies

Anderson brought to Meyers' cell." App. 21. The Magistrate Judge recognized that this

"would have placed Flaherty on notice that something was seriously wrong with Meyers."

*Id*.

There is also testimony that Shon Ellis, a fellow inmate, told Flaherty that Meyers

asked to go to the infirmary in the afternoon of May 26, and that Flaherty responded: "F

him. I asked him earlier did he want to go to medical and he refused so I'm not sending

him no where now. . . ." *Id*., at 6. That testimony, combined with Flaherty's own

testimony that Ellis did not tell him anything he didn't already know during that

conversation, could allow a jury to conclude that Flaherty knew that Meyers had injured

his head to such an extent that he needed a mop and bucket to clean up all of the blood.

Yet, when informed that Meyers wanted medical attention, Flaherty's only response was

"F him . . . I'm not sending him nowhere now."

In her thoughtful Report and Recommendation, the Magistrate Judge explained as

follows in recommending that the District Court deny Flaherty's claim of qualified

immunity:

> Meyers' constitutional right to medical care for a serious
> medical need while incarcerated was clearly established at the
> time of Flaherty's alleged conduct. *See Farmer v. Brennan*,
> 511 U.S. 825 (1994); *Estelle v. Gamble*, 429 U.S. 97 (1976).
> Hence, the key inquiry for purposes of qualified immunity is

4

whether Flaherty's conduct was objectively reasonable; that is; whether a reasonable corrections officer in Flaherty's situation could have believed that his conduct comported with established legal standards. Plaintiff has raised a genuine issue of material fact as to whether Flaherty was deliberately indifferent to Meyers' serious medical needs. Consequently, a reasonable corrections officer could not believe that his actions comported with clearly established law while also believing that there was an excessive risk to Meyers and failing to adequately respond to that risk. Because there is a genuine issue of fact as to whether Flaherty was deliberately indifferent, he has not carried his burden to establish that he is entitled to qualified immunity. *See Carter v. City of Philadelphia*, 181 F.3d 339, 356 (3d Cir. 1999) (holding that if plaintiff succeeds in establishing defendants acted with deliberate indifference to plaintiff's constitutional rights, then defendant's conduct was not objectively reasonable and qualified immunity defense is not available).

App. 25.

Of course, this record contains additional accusations and denials, as well as issues of causation. However, we need not explore them in order to resolve the one issue raised in Officer Flaherty's appeal. Given the Magistrate Judge's thoughtful analysis of the issue before us, nothing more needs to be said.

### III.

Accordingly, we will affirm the District Court's order denying summary judgment to Corrections Officer Flaherty on his claim of qualified immunity.